Elsa Felicita RIVERA–GOMEZ,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–71593.

United States Court of Appeals,
Ninth Circuit.

Decided May 18, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Adolfo Ojeda–Casimiro, Esq., Salazar Law Offices, Seattle, WA, for Petitioner.

Richard A. Latterell, Esq., U.S Department of Justice, Tax Division, Jeffrey J. Bernstein, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM**

Elsa Felicita Rivera–Gomez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals order affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the agency's determination that a petitioner has failed to demonstrate eligibility for asylum, *Gu v. Gonzales,* 429 F.3d 1209, 1212–13 (9th Cir. 2005), and review de novo due process claims, *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the agency's determination that Rivera–Gomez failed to establish eligibility for asylum or withholding of removal. Rivera–Gomez provided only vague testimony about her family being targeted by guerillas, and admitted that her immediate family was never physically harmed. She also testified that her two children remain in El Salvador, unharmed. Based on this evidence, a reasonable factfinder would not be compelled to conclude that Rivera–Gomez established eligibility for asylum or withholding of removal. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). At most, Rivera–Gomez established a fear of future persecution by criminal gangs, which does not constitute grounds for relief. *See id.* at 967 ("mere generalized lawlessness" not sufficient grounds to demonstrate the individualized persecution necessary to establish eligibility for asylum); *See also Hak-*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*eem v. INS,* 273 F.3d 812, 816 (9th Cir. 2001) (a claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident).

Substantial evidence also supports the agency's denial of Rivera–Gomez's CAT claim because she failed to show that it was more likely than not that she would be tortured if she returned to El Salvador. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

Rivera–Gomez's contention that the IJ denied her a fair hearing by an impartial adjudicator is unpersuasive because she did not demonstrate that the IJ prevented her from reasonably presenting her case, or that the outcome of her case was affected. *See Halaim v. INS,* 358 F.3d 1128, 1136 (9th Cir.2004) (petitioner must show prejudice to prevail on due process claim).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.